**Wayne CLINE, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 5:93CV2603.**

United States District Court, N.D. Ohio, Eastern Division.

Jan. 22, 1995.

David T. Tarr, Canton, OH, for plaintiff.

Michael Anne Johnson, Asst. U.S. Atty., Office of U.S. Atty., Cleveland, OH, for defendant.

## MEMORANDUM OPINION

DOWD, District Judge.

The plaintiff applied for disability insurance benefits on February 11, 1992 and has been denied the benefits at all levels of administrative review. He initiated this action on December 3, 1993 for judicial review and the Court assigned the case to Magistrate Judge James S. Gallas for a Report and Recommendation ("R & R"). The R & R was filed on December 22, 1994 with a recommendation that the Court affirm the Secretary's decision denying disability benefits because the decision is supported by substantial evidence and because the plaintiff has failed to show good cause for remand to the Secretary. The plaintiff filed timely objections on January 4, 1995.

For the reasons discussed below, the recommendation of the Magistrate Judge is accepted.

## I.  ADMINISTRATIVE PROCEEDINGS

Following a hearing before an Administrative Law Judge ("ALJ") conducted on April 27, 1993, the ALJ issued a decision on May 24, 1993 denying plaintiff's request for disability insurance benefits.

The ALJ made the following findings:

1. The claimant met the disability insured status requirements of the Act on November 1, 1991, the date the claimant stated he became unable to work, and continues to meet them through at least June 30, 1995.

2. The claimant has not engaged in substantial gainful activity since November 1, 1991.

3. The medical evidence establishes that the claimant has a severe rectal problem, status post removal of the rectum with colostomy due to cancer, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

4. The claimant's allegations of the severity of his symptoms and limitations are not supported by or consistent with the evidence of record and are not credible to the degree that he is precluded from performing all substantial gainful work activity.

5. The claimant has the residual functional capacity to perform the physical exertion and nonexertional requirements of work except for lifting more than 20 pounds at a time, frequent lifting or carrying of objects weighing more than 10 pounds, and remaining in one position for an extended period (20 CFR 404.1545).

6. The claimant is unable to perform his past relevant work as a truck driver.

7. The claimant's residual functional capacity for the full range of light work is reduced by the need to have a job which affords him the option to sit or stand.

8. The claimant is 52 years old, which is defined as a person closely approaching advanced age (20 CFR 404.1563).[1]

9. The claimant is a high school graduate (20 CFR 404.1564).

10. The claimant does not have any acquired work skills which are transferable to the skilled or semiskilled work functions of other work (20 CFR 404.1568).

11. Based on an exertional capacity for light work, and the claimant's age, education, and work experience, section 404.1569 and Rule 202.14, Table No. 2, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled."

12. Although the claimant's additional nonexertional limitations do not allow him to perform the full range of light work, using the above-cited rule as a framework for decisionmaking, there are a significant number of jobs in the national economy which he could perform.  Examples of such jobs are: security guards, small products assemblers, cashiers-wrappers, self-service gas station attendants, cashiers II, and surveillance system monitors. In the State of Ohio, there are 10,000 jobs as security guards, 39,000 jobs as small products assemblers, 10,000 jobs as cashiers-wrappers, 4,300 jobs as self-service gas station attendants, 22,000 jobs as cashiers II, and 3,800 jobs as surveillance system monitors.

13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR 404.1520(f)).

(Docket No. 12, pp. 16–17, footnote added by the Court).

The evidentiary hearing which led to the ALJ's decision was conducted on April 27,

---

1. The Court notes that plaintiff is presently 55 years of age, putting him into the category of "person of advanced age." 20 C.F.R. § 404.1563(d).

1993. A transcript is part of the record before this Court. (Docket No. 12, pp. 23–86). Much of the testimony at the hearing dwelt on the physical difficulties the plaintiff experienced with his colostomy and how those difficulties would interfere with the performance of gainful employment. However, there was no evidence offered on the possible psychological or psychiatric overlays that might accompany the plaintiff's difficulties in maintaining employment.

. Following the hearing, the plaintiff's lawyer arranged for the plaintiff to be interviewed by Dr. Nalluri, a psychiatrist. The interview took place on May 25, 1993, one day after the ALJ's decision denying benefits was published. Dr. Nalluri opined in the conclusion of his four page report as follows:

It is my professional opinion that following the review of the medical records and my clinical examination revealed that this man is physically and psychiatrically incapacitated significantly. This man's awareness of normal, [sic] hazards and taking necessary precautions is very poor. This man is going to have difficulty in following instructions and performing simple repetitive tasks. His abilities [sic] to perform at productive levels expected by most employers is markedly impaired. When taking into consideration the combined affects of his physical and psychiatric disabilities, he is unable to involve himself in any gainful employment for which he is reasonably suited by education, training and experience. If this man is not treated, his physical and psychiatric condition will continue to deteriorate. With a reasonable degree

of medical certainty, based upon my training experience and professional opinion this patient's depression is severe and it is going to last more than 12 months. I strongly recommend treatment with antidepressants and antianxiety agents and supportive psychotherapy.

(Docket No. 12, p. 213).

Plaintiff's counsel appealed to the Appeals Council and included a copy of the Dr. Nalluri's report. Plaintiff's counsel's letter to the Appeals Council stated in its entirety as follows:

The personal contact with my client, Wayne Cline, was necessarily limited since he lives out of my local area.

I, however, after spending a considerable amount of time with him on the hearing date, decided that perhaps it would be best to obtain a psychological evaluation. I am attaching herewith a psychological evaluation from Anil Nalluri, M.D., who is certified by the American Board of Psychiatry.

I believe this additional evidence must certainly be considered.

(Docket No. 12, p. 214).

The Appeals Council denied review, concluding that there was no basis for granting the claimant's request for review.[2] In making this procedural decision, the Appeals Council did accept the Nalluri report as new medical evidence,[3] but declared that it did not change the outcome of the ALJ's decision, stating:

---

**2.** It is important to distinguish between procedural decisions made by the Appeals Council and decisions which it makes on the merits. When a claimant seeks review by the Appeals Council, the Council first makes a procedural decision to either grant or deny review or to dismiss the request for review.

The request for review is *dismissed* if it was not timely filed, if the parties request dismissal, or if a party dies and dismissal will not adversely affect the other parties.

If review is *granted,* the Appeals Council may either conduct its own review (which might include reviewing the record as it exists, or taking new evidence as well as permitting briefs and/or oral argument) or it may remand the entire case, or certain specified issues, to the ALJ. If the

Council conducts its own review, it will issue a decision which becomes the final decision of the Secretary subject to judicial review. If the Council remands the matter to the ALJ, the ALJ will later file a recommendation and, on the basis of both the record and the ALJ's new recommendation after remand, the Council will issue its decision, which is then final and subject to judicial review.

If, as in the instant case, the Appeals Council *denies* review, that denial renders final the decision of the ALJ. It is the decision of the ALJ, not the procedural decision of the Appeals Council to deny administrative review, which is subject to judicial review. *See* 20 C.F.R. §§ 404.967, *et seq.*

**3.** *See* Order of Appeals Council, Receipt of Additional Evidence. (Docket No. 12, p. 6).

The Appeals Council considered the report of psychiatric evaluation dated May 25, 1993, but decided that the new medical evidence does not provide a basis for changing the Administrative Law Judge's decision.

In the report, the psychiatrist concludes that [claimant is] significantly incapacitated both physically and psychiatrically. On mental status examination, however, the psychiatrist reports no significant behavioral, intellectual, or social problems or deficiencies of concentration and memory. In particular, the report indicates that [claimant is] oriented to time, place, and person; [claimant has] no trouble controlling aggressive and hostile impulses; [his] reality contact is intact; [he has] no personality disorder; and that [he is] competent and capable of managing [his] own funds. The Appeals Council concludes that the report establishes no medically determinable mental impairment.

(Docket No. 12, pp. 4–5).

## II. JUDICIAL REVIEW

■ In light of the fact that the Appeals Council denied plaintiff's request for review, the ALJ's decision to deny disability benefits constitutes the final decision of the Secretary subject to this Court's review. In order to review that decision, this Court must decide precisely what constitutes the record for purposes of judicial review and whether there might be good cause to remand to the Secre-

tary under 42 U.S.C. § 405(g). If no good cause is found, the Court must decide whether, given the record that was before the ALJ, the Secretary's decision to deny benefits is supported by substantial evidence.

### A. The Administrative Record

■ In his R & R, Magistrate Judge Gallas declared that the Nalluri psychiatric evaluation, having been first submitted at the appeals level of the administrative proceedings, could not be considered upon judicial review even though the Appeals Council chose to discuss the report in its denial of review. Plaintiff, in his second objection, asserts that this is an incorrect view of the law.

Notwithstanding plaintiff's objection, the R & R correctly relies on the case of *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir.1993) (quoting *Wyatt v. Secretary*, 974 F.2d 680, 685 (6th Cir.1992)). Therefore, plaintiff's second objection is overruled.

■ However, as also pointed out by the Magistrate Judge, the new evidence, if deemed material, may supply the basis for remand under sentence six of 42 U.S.C. § 405(g), *provided* good cause is shown for plaintiff's failure to incorporate the evidence into the record before the ALJ.[4] In other words, although the new evidence cannot be considered in any judicial determination on the merits, it can be considered in deciding whether to order a sentence six remand.[5]

---

**4.** As explained in *Melkonyan v. Sullivan*, 501 U.S. 89, 97–101, 111 S.Ct. 2157, 2163–64, 115 L.Ed.2d 78 (1991), there are two kinds of remand under Section 405(g): (1) a "sentence four" remand, which is part of a final appealable judgment of the district court; and (2) a "sentence six" remand, wherein the district court does not enter judgment but rather retains jurisdiction until the Secretary has an opportunity to consider new, material evidence and to present additional findings or a modified decision to the district court, whereupon the district court reviews the entire record, as supplemented, to make a final judicial determination. A sentence six remand requires a showing by the plaintiff of good cause for failure to present the new evidence in prior administrative proceedings.

**5.** Of the circuits that have addressed the question, the Sixth Circuit (along with the Seventh Circuit) is in the minority in holding that evi-

dence submitted for the first time to the Appeals Council may not be considered by the district court except for purposes of making a decision to remand for good cause. The Fourth, Eighth, Tenth and Eleventh Circuits all hold "that when the Appeals Council considers additional evidence, but denies review, the district court should consider the record as a whole, including the new evidence, in order to determine whether the decision of the ALJ is supported by substantial evidence." *Hangartner v. Shalala*, 865 F.Supp. 755, 759–60 (D.Utah 1994) (citing *Keeton v. Dep't of HHS*, 21 F.3d 1064 (11th Cir. 1994); *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir.1992); *Browning v. Sullivan*, 958 F.2d 817, 822–23 (8th Cir.1992); *Wilkins v. Secretary, Dep't of HHS*, 953 F.2d 93, 96 (4th Cir.1991)). *See also, O'Dell v. Shalala*, (10th Cir.1994) (decided after *Hangartner*) (to be reported at 44 F.3d 855, 859).

Therefore, before addressing the question of whether the Secretary had substantial evidence for denying disability benefits, the Court shall decide whether, contrary to the Magistrate Judge's recommendation, there is good cause for remand.

## B. Remand Under Sentence Six, 42 U.S.C. § 405(g)

Sentence Six of Section 405(g) provides:

... The court may ... at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ...[.]

Under this provision, the Court may retain jurisdiction while remanding the case for consideration of new evidence which it finds to be material.[6]  However, by its terms sentence six requires a showing of good cause.

■ The letter from counsel for the plaintiff to the Appeals Council, quoted in full in Section I *supra*, suggests that prior to the date of the hearing (April 27, 1993), having had very little personal contact with his client due to the geographic distance between them, plaintiff's counsel had no reason to suspect any need for a psychiatric evaluation of his client.  Apparently, this need first surfaced at or following the hearing.  On May 25, 1993, approximately one month after the hearing and one day after the ALJ's decision was issued, plaintiff underwent a psychiatric examination by Dr. Nalluri.[7]  Dr. Nalluri's conclusion that plaintiff was disabled is quoted in full in Section I *supra*.

The question for the Court is whether counsel's eleventh hour determination of a "need" for psychiatric evaluation is sufficient to establish good cause for failure to present such evidence to the ALJ.  The Court has no doubt that, for most people, having a colostomy and learning to live with it would be very stressful.  Some people might be simply unable to adjust psychologically, which failure would probably also affect their physical recovery.  This fact might, in some circumstances, render a person disabled.  However, of specific concern to the Court is the fact that a review of plaintiff's medical record shows no recommendation by any of his treating physicians that he be evaluated by a psychiatrist.[8]  Certainly they, if anyone, would have recognized a person in need of more than bodily care.  Plaintiff's *counsel's* "referral" to a psychiatrist is not relevant where plaintiff's treating *physicians* made no such referral.

Even if counsel's referral could be found somehow valid, there is no suitable explanation given for why he waited so long to make the referral and why, knowing that a psychiatric evaluation was being undertaken after the hearing, he never notified the ALJ that he might have additional evidence to submit.  Counsel's failure to meet with his client in person prior to the hearing, coupled with his failure to make the ALJ aware of his newly discovered belief that a psychiatric evaluation was needed and would be submitted, cannot constitute "good cause" for remanding this case.

Accordingly, the Court finds that plaintiff has failed to establish good cause for a remand under sentence six of 42 U.S.C. § 405(g).

---

6.  Sentence six further provides that

the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

Section 405(g) then indicates that the Court would apply the substantial evidence test to review the additional or modified findings and decision and to issue its final judgment.  At this

point, the case would be closed and the Court's decision would be appealable.

7.  Although it is not clear from the record, it is entirely possible, if not probable, that the ALJ's May 24, 1993 decision had not yet reached counsel for the plaintiff by May 25, 1993, the day that the psychiatric evaluation was conducted.

8.  At two places in the medical records, the treating physician(s) made mention of a possible need to see a psychiatrist.  *See*, Docket No. 12, pp. 157 and 167.  These, however, are never followed up and no referral appears to have been made.

### C. The Issue of Substantial Evidence

Having found no good cause to remand, the Court now turns to the basic question of whether the Secretary's decision is supported by substantial evidence. As already noted, the record before the Court for this part of the review does not include the psychiatric evaluation submitted to the Appeals Council.

■ The R & R discusses this issue beginning at page 6. Plaintiff's only objection to this section of the R & R is that the Magistrate Judge's Order of May 3, 1994 indicated that the parties would be given an opportunity for oral argument whereas that never occurred. Plaintiff states that his Fact Sheet and Statement of Error was prepared with the expectation that there would be oral argument. Failure to grant that opportunity was, according to plaintiff, "not fair and [ ] a denial of elementary due process."

Assuming for purposes of this discussion only that plaintiff's position is correct, he does not tell the Court how he would have expanded the record by argument had he only been given the chance.

Fed.R.Civ.P. 72(b) permits a Magistrate Judge to "conduct such proceedings as are required[ ]" to reach a recommendation on a dispositive matter referred for an R & R. The rule does not require such proceedings. It is left to the discretion of the Magistrate Judge. Here, it is apparent that the Magistrate Judge found in the record what was needed to make his recommendation.

Furthermore, there is nothing in the Magistrate Judge's Order of May 3, 1994 which suggests that the parties can feel free to submit incomplete written materials to the Court because they will be allowed to supplement the evidence at oral argument. The Order sets a deadline for plaintiff to submit a Fact Sheet and Statement of Errors "that complies with [certain] specificity requirements[.]" (Docket No. 13, ¶ 2). Defendant is then directed to respond to the Fact Sheet and Statement of Errors by filing a memorandum of law in support of the Secretary's position. It goes without saying that, if the plaintiff's document is incomplete, the defendant's response will ultimately be insufficient through no fault of the defendant. This would work against judicial economy. Ordinarily, oral argument is conducted for purposes of answering any questions which the Court may have about the record already before it. Oral argument is not an opportunity to blind side the opposing party with new material.

For the reasons just discussed, the Court overrules plaintiff's first objection.

■ Although the plaintiff did not raise any specific objection to the Magistrate Judge's discussion of whether there was substantial evidence, the Court has conducted its own de novo review and finds the Magistrate Judge's reasoning and discussion on this matter to be absolutely correct.

Therefore, the Court independently concludes that there is substantial evidence in the record to support the Secretary's decision to deny a period of disability and to deny an award of disability benefits.

### III. CONCLUSION

For the reasons discussed above, the Court concludes that the Secretary's decision to deny disability benefits should be and is affirmed under sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

### JUDGMENT ENTRY

For the reasons set forth in the Memorandum Opinion filed contemporaneously with this Judgment Entry, IT IS HEREBY ORDERED, ADJUDGED and DECREED that summary judgment is entered in favor of the Secretary. Further, the decision of the Secretary to deny disability benefits is AFFIRMED under sentence four of 42 U.S.C. § 405(g). Case closed.