Danny RIDINGS, Plaintiff,

v.

Kenneth S. APFEL, Commissioner
of Social Security, Defendant.

No. 2:98CV00126.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Nov. 16, 1999.

Donald E. Earls, Norton, VA, for Plaintiff.

Julie C. Dudley, U.S. Atty.'s Office, Roanoke, VA, for Defendant.

## OPINION

JONES, District Judge.

In this social security case, I accept the recommendation of the magistrate judge and remand the case for further administrative proceedings.

### I. Introduction.

· Danny Ridings challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his claims for a period of disability, disability insurance benefits ("DIB"), and supplemental social security ("SSI") benefits under certain provisions of the Social Security Act ("Act"). *See* 42 U.S.C.A. § 416(i) (West Supp.1999); 42 U.S.C.A. § 423 (West Supp.1999); 42 U.S.C.A. § 1381a (West Supp.1999). This court has jurisdiction under 42 U.S.C.A. § 405(g) (West 1991) and 42 U.S.C.A. § 1383(c)(3) (West Supp. 1999). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C.A. § 636(b)(1)(B) (West 1993); Fed.R.Civ.P. 72(b). Magistrate Judge Sargent filed her report on September 28, 1999. On October 14, 1999, the Commissioner filed written objections to the report.

### II. Standard of Review.

I must make a de novo determination of those portions of the report to which the Commissioner objects. *See* 28 U.S.C.A. § 636(b)(1)(C); Fed.R.Civ.P. 72(b). Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir.1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support

a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir.1966).

### III. Objections to Magistrate Judge's Report.

Ridings contended in his applications for DIB and SSI that he had been disabled since 1995, due to low back pain and a mine injury.[1] A hearing before an administrative law judge ("ALJ") was held on March 21, 1997, at which Ridings did not appear but was represented by counsel.[2] By a decision issued June 2, 1997, the ALJ found that Ridings did not have a severe impairment that significantly affected his ability to work, and thus he was not disabled within the meaning of the Act.

Ridings sought administrative review by the Social Security Administration's Appeals Council, and his attorney submitted to the Appeals Council a report dated August 21, 1997, from Nabil Ahmad, M.D., of the Scott County Rural Health Clinic, concerning Ridings' back problems. Thereafter, the Appeals Council issued a decision[3] in which it acknowledged consideration of Dr. Ahmad's report and letters from Ridings' attorney, but concluded that "neither the contentions nor the additional evidence provides a basis for changing the [ALJ's] decision." (R. at 10.) This suit followed.

The magistrate judge found that substantial evidence did not exist in the record to support the finding that Ridings did not suffer from a severe physical impairment, The magistrate judge also held that it was error for the Appeals Council to fail to provide any rationale for its decision that Dr. Ahmad's report provided no basis for changing the ALJ's decision.[4]

---

1. Ridings had previously received DIB due to a back impairment from 1985 until 1993 but had returned to work as a truck driver in 1992. .

2. According to the ALJ, Ridings later said he had forgotten about it. (R. at 18.)

3. The Appeals Council's decision is undated.

4. The ALJ found that Ridings did not suffer from a severe mental impairment and the magistrate judge found this determination to be based on substantial evidence. The plaintiff has not objected to that finding by the magistrate judge and it is not at issue.

The Commissioner contends that the Appeals Council is not required to state a rationale for its determination to deny review of an ALJ's decision and thus the magistrate judge's report should be rejected.

■ The applicable regulations provide for Appeals Council review of ALJ decisions in social security disability cases. *See* 20 C.F.R. § 404.970 (1999). In particular, the Appeals Council must consider "new and material evidence" presented after the ALJ's decision, "where it relates to the period on or before the date of the [ALJ's] decision." 20 C.F.R. § 404.970(b). There is no "good cause" requirement for consideration of such new evidence. Thus, as in this case, a claimant need not explain why the relevant evidence was not presented to the ALJ. *See Wilkins v. Secretary, Dep't of Health & Human Serv.*, 953 F.2d 93, 96 n. 3 (4th Cir.1991) (en banc).

If qualifying new evidence is presented, the Appeals Council must evaluate the entire record, including the new evidence. If it finds that the ALJ's decision is contrary to the weight of the evidence currently of record, it will then review the ALJ's decision. The Appeals Council may thereafter adopt, modify or reverse the ALJ's decision, or it may remand the case to the ALJ. *See* 20 C.F.R. §§ 404.970(b),.979 (1999).

■ In reviewing a case like the present one in which new evidence was considered by the Appeals Council, and review was denied, this court must likewise consider the record as a whole, including the new evidence, to determine whether substantial evidence supports the ALJ's decision. *See Wilkins*, 953 F.2d at 96.

This task is a difficult one, since in essence the court must review the ALJ's decision—deemed the final decision of the Commissioner—in the light of evidence which the ALJ never considered, and thus never evaluated or explained. As Judge Posner of the Seventh Circuit has cogently pointed out, this is contrary to the normal principles of appellate review. *See Eads v. Secretary of Dep't of Health & Human Serv.*, 983 F.2d 815, 817 (7th Cir.1993).[5] The Fourth Circuit, however, has squarely required this process and I am bound by its precedent.

■ As the Commissioner correctly states, the Appeals Council is not expressly required by the regulations to state its rationale for denying review. *See* 20 C.F.R. § 404.970(b). It is the ALJ's decision that the court must review, in light of the new evidence, and not that of the Appeals Council. Accordingly, I disagree with the magistrate judge that the Appeals Council must give a detailed assessment of its failure to grant review in the face of the new evidence. *See Hollar v. Commissioner of Soc. Sec. Admin.*, No. 98–2748, 1999 WL 753999, at *1 (4th Cir. Sept. 23, 1999) (unpublished) (citing *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir.1992)).[6]

■ On the other hand, I agree with the magistrate judge that substantial evidence does not support the ALJ's decision, when reviewed along with Dr. Ahmad's report.

The evidence before the ALJ concerning Ridings' back problems was, in the words of the magistrate judge, "relatively benign." His treating physician, William A. McIlwain, M.D., an orthopaedist, began treating him on October 25, 1995, for a back injury that allegedly occurred on June 29, 1995, while Ridings was working as a truck driver. In Dr. McIlwain's last report considered by the ALJ, dated March 10, 1997, the physician noted that while Ridings claimed that he had again

---

5. The Seventh Circuit has rejected the notion that the court should consider the merits in light of the new evidence where the Appeals Council has denied review. Instead, the court reviews only the decision to deny review and may remand the case to the Appeals Council. *See Eads*, 983 F.2d at 817–18.

6. At least one other magistrate judge of this district has held that the Appeals Council must articulate some reason for finding that the new evidence does not justify review. *See Alexander v. Apfel*, 14 F.Supp.2d 839, 843 (W.D.Va.1998) (Conrad, J.).

injured his back while working, "I think that, all in all, he is unchanged from his previous evaluation. I still don't see a reason why he can't drive his truck from any objective standpoint. I note that he hasn't done work hardening and he hasn't had the tests done and I really don't have anything more to offer if he doesn't do those things." (R. at 353.) Dr. McIlwain told Ridings that if he didn't improve he would consider an MRI study [7] and scheduled a follow up appointment. (R. at 354.)

Dr. Ahmad's report, however, shows a dramatically different picture. It states that following March 10, 1997, an MRI was performed and Dr. McIlwain found a "disc herniation with fragmentation to the left side with impinging nerve on S1." (R. at 360.) Back surgery was scheduled, but Ridings was unable to go through with it because of a lack of insurance. (*Id.*) Based on this presentation, Dr. Ahmad advised Ridings not to engage in "any activities like bending forward, pushing, pulling or lifting...." (R. at 362.)

Because of this evidence, the magistrate judge was correct in finding that the ALJ's decision that Ridings did not have a severe physical impairment was not based on substantial evidence. The new evidence clearly calls into doubt any decision grounded on the prior medical reports from Dr. McIlwain and the ALJ's findings that Ridings suffered only from a lumbar strain "without any evidence of neurological involvement," and had no impairment that "significantly limit[ed] his ability to perform basic work-related activities." (R. at 21–22.) [8]

For these reasons, while I agree with the Commissioner that the Appeals Council was not required to state its reasons for finding that the new evidence did not justi-fy review of the ALJ's decision, I find the ALJ's decision is not based on substantial evidence and the case must be remanded for further administrative proceedings.

An appropriate final judgment will be entered.

---

7. A magnetic resonance imaging ("MRI") study involves application of the magnetic nuclear resonance imaging technique, a "complex electronic procedure for producing images of internal structures of the body." 4 J.E. Schmidt, *Attorneys' Dictionary of Medicine* N–153 (1999).

8. The Appeals Council was clearly correct in considering Dr. Ahmad's report, since the report described the MRI as having occurred in March of 1997, and thus the new evidence related to the period "on or before the date of the [ALJ's] decision," as required by the new evidence regulation. 20 C.F.R. § 404.970(b). The ALJ's decision was issued on June 2, 1997.