**Peggy J. RILEY, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

**No. 4:99CV00009.**

United States District Court,
W.D. Virginia,
Danville Division.

March 16, 2000.

---

### MEMORANDUM OPINION

KISER, Senior District Judge.

Before me now is a Report and Recommendation provided by the Magistrate Judge suggesting that I reverse the determination of the Commissioner of Social Security ("Commissioner") to deny supplemental disability benefits to Peggy J. Riley ("Riley" or "Claimant"). The defendant timely filed objections to this Report and Recommendation, ripening this matter for disposition.

For the reasons set forth herein, the defendant's objections are **SUSTAINED IN PART** and **OVERRULED IN PART,** the Report and Recommendation is **NOT ADOPTED** and the Commissioner's decision is **REVERSED** and **REMANDED** to the Commissioner for further consideration.

### I.  Background

In January 1987 Claimant filed for supplemental security income alleging a disability based upon "mild mental retardation." (R. 36–39). The Social Security Administration ("SSA") initially agreed and began payments to Claimant. The SSA changed course in April 1996, however, and informed Claimant that her condition had improved such that she was no longer considered disabled and that payments would cease after June 1996. In October 1996 Riley requested a hearing before an SSA Administrative Law Judge ("ALJ"). (R. 127). This hearing took place in September 1997. (R. 14–15). In December 1997 the ALJ announced his decision affirming the previous findings that Claimant ceased to be disabled in April 1996. (R. 14–19).

Claimant, through counsel, appealed the ALJ decision to the SSA's "Appeals Council." [1] In a June 1998 letter to the Appeals

---

1. It seems that a copy of the psychologist's March 1996 report saying that Riley can manage her own finances, (R. 173–178), was

Council Riley argues that the record as a whole, including "new" evidence not submitted to the ALJ, shows that Claimant is entitled to the disability benefits because she meets 20 C.F.R. § 404, Subpt. P, App. 1, Listing 12.08. (R. 7–8). The new evidence advanced by Claimant is a psychological assessment performed by Dr. Franklin E. Russell on March 25, 1998. (R. 205–208).

The Appeals Council denied Claimant's request to review the ALJ decision on December 3, 1998. (R. 4–5). Their denial sets forth the grounds for granting a request for a review, citing 20 C.F.R. § 416.1470, and states that when "new and material evidence is submitted with the request for review, the entire record will be evaluated and review will be granted where the Appeals Council finds that the [ALJ's] actions, findings, or conclusion is contrary to the weight of the evidence currently of record." The Appeals Council say they considered the new evidence — Dr. Russell's March 1998 evaluation—"but concluded that . . . the additional evidence [does not provide] a basis for changing the [ALJ's] decision." (R. 4). This Appeals Council decision is deemed the Commissioner's final decision. See 20 C.F.R. §§ 404.981, 416.1481 (1999).[2]

Claimant filed the instant action in February 1999 asking that the Court find Riley entitled to the disability benefits or, in the alternative, to remand the case to the Commissioner for a hearing.[3] The Commissioner's answer says that the Commissioner's findings of fact are supported by substantial evidence and that Riley's request for remand to the Commissioner should be denied because Riley has not shown "good cause" pursuant to 42 U.S.C. § 405(g) (Supp.1998). The Commissioner attached a transcript of the record and evidence with their answer, abiding by § 405(g). Pursuant to 28 U.S.C. § 636(b)(1)(B) (1993) this Court ordered a Report and Recommendation from the Magistrate Judge in March 1999. This Report and Recommendation, filed January 31, 2000, recommends (i) reversal of the SSA's final decision, (ii) that Claimant receive summary judgment in her favor, and (iii) that the controversy be remanded solely for the purpose of calculating a paying continued benefits.

Objections to the Report and Recommendation filed by the defendant are two-fold—(i) Dr. Russell's report may not be considered by the Appeals Council because this "new evidence" does not relate to the period before the ALJ's decision, and (ii) if Dr. Russell's evidence is properly submitted the ALJ should have the first opportunity to consider this evidence pursuant to his fact-finding role.

## II. Analysis

### i. Dr. Russell's Evaluation may be Considered by the Appeals Council

Dr. Russell examined Claimant on March 25, 1998, roughly three months after the ALJ's December 17, 1997 determination. The defendant correctly notes that regulations limit the Appeals Council's

transmitted to the facsimile number belonging to Riley's Legal Aid Society attorney in March 1996. (R. 7; 173). Riley's counsel was, accordingly, aware of Riley's administrative circumstances even before the SSA decided to stop payments to Riley. At the very least, Riley's counsel was aware well before the September 1997 ALJ hearing.

**2.** The Magistrate Judge cites to Part 404 and Part 416 of Title 20 of the Code of Federal Regulations. Part 404, "Federal Old–Age, Survivors and Disability Insurance (1950–)," relate to title II of the Social Security Act, see 20 C.F.R. § 404.1 (1999), whereas Part 416, "Supplemental Security Income for the Aged, Blind, and Disabled," relate to title XVI of the Social Security Act, see 20 C.F.R. § 416.101 (1999). Because Riley filed for supplemental benefits pursuant to an alleged disability, Part 416 applies. The relevant sections within Parts 404 and 416 are often identical, however, see Reagan v. Secretary, 877 F.2d 123, 124 (1st Cir.1989) (pertinent regulations the same for the two programs), and this opinion often provides parallel citations.

**3.** A party may file a complaint with the district court within sixty days after receiving notice of the Appeals Council decision. See 20 C.F.R. §§ 404.981, 416.1484 (1999).

ability to consider new and additional evidence submitted after an ALJ decision: "if new and material evidence is submitted, the Appeals Council shall consider the additional evidence *only where it relates to the period on or before the date of the administrative law judge hearing decision.* ..." 20 C.F.R. § 416.1470(b) (1999) (emphasis added).

■ The defendant correctly points out that Dr. Russell's evaluation is stated in the present tense, e.g., evaluating Claimant's *"Present* Functioning" and *"Current* Global Assessment," Claimant *"is* a relatively neat ...," Claimant *"appears* to have," Claimant *"is* not competent to handler her own funds *at this time."* (R. 205–214) (emphasis added). The dictates of the regulation and the temporal sense of Dr. Russell's report, the objection continues, prevents the Appeals Council and, accordingly, a reviewing court, from considering Dr. Russell's report when deciding whether to review the ALJ's decision.

Because of the particular disability involved here, Claimant's intellectual capacity, the Commissioner's objection is unconvincing. Medical science attempts to measure intellectual capacity through a variety of tests, commonly referred to as "IQ tests." It seems that to render Dr. Russell's report inadmissible before the Appeals Council we must assume that, for some reason, Claimant's intellectual performance in Dr. Russell's March 25 tests is subject to vary from her intellectual performance prior to the ALJ's December 17 decision.[4] I do not believe that Claimant's intellectual ability would vary in any meaningful way during this thirteen-week interval, particular given the lack of evidence suggesting any reason as to why the latter test would have yielded lower results. *See* Smith, *Representing the Elderly Client and Addressing the Question of Competence,* 14 J. Contemp. L. 61, 66–67 (1988) (noting the unresolved debate addressing changes of intelligence, partic-

ularly verbal and performance IQs, over time and how some studies suggest that illness, anxiety, and fatigue can affect IQ scores) (footnotes omitted); *Parents in Action on Special Ed. (Pase) v. Hannon,* 506 F.Supp. 831, 835 (1980) ("The current view of most psychologists is that IQ tests measure something which is changeable rather than something that is fixed for all time ...."); <http://madsci.wustl.edu /posts/archives/ nov99/942447761. Ns. r.html> (visited March 9, 2000) (a Harvard Medical School doctor says that IQ changes over time because an IQ score "is often a ratio of how well a person does divided by how well they should do according to their age or maturity" and that fluctuations in IQ could be because the test-taker was advanced for their age, was a 'late bloomer,' or experienced a change in environment).

In addition, there is nothing in the record indicating that the Commissioner objected to the Appeals Council's consideration of Dr. Russell's evidence at the time it was submitted for their consideration. Claimant submitted Dr. Russell's evaluation on or about June 10, 1998 and the Appeals Council decision was not announced until December 3, 1998. The Commissioner had roughly six months to bring their objection to the Appeals Council. The Appeals Council themselves, moreover, saw fit to consider Dr. Russell's evaluation which suggests they were not concerned with the temporal limitation on new evidence.

ii. *Remand for the ALJ to consider Dr. Russell's Evidence is Appropriate*

The defendant argues that if Dr. Russell's evidence is properly submitted for consideration the entire record should be remanded to the ALJ because the ALJ serves as fact-finder and because "[t]his court does not find facts or try the case de novo when reviewing disability determinations." *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir.1990) (citations omitted).

---

**4.** Any variance, moreover, would have to favor Riley for the Commissioner's argument to even matter. This would only happen if Riley could have performed worse on March 25 that she would have performed on December 17.

The Commissioner provides minimal support for their legal argument that, as we soon shall see, is relatively complex. The Court, however, finds that it is proper to reverse the Commissioner's decision and remand to the Commissioner pursuant to 42 U.S.C. § 405(g).

### a. Statutory and Regulatory Law

The remand powers of a district court when reviewing a decision from the Commissioner are stated in two separate sentences within 42 U.S.C. § 405(g), aptly named 'sentence four' and 'sentence six.' These are the only kinds of remand permitted under the statute. See Melkonyan v. Sullivan, 501 U.S. 89, 99, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). Sentence four provides that "The court shall have power to enter ... a judgment affirming, modifying, or reversing the decision of the Commissioner ... with or without remanding the cause for a rehearing." § 405(g) (sentence four). The Supreme Court says that a sentence four remand must be done "in conjunction with a judgment affirming, modifying, or reversing the [Commissioner's] decision." Melkonyan, 501 U.S. at 99–100, 111 S.Ct. 2157.

Sentence six of the statute provides that "The court ... may at any time order additional evidence to be taken before the Commissioner ... but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ...." § 405(g) (sentence six). A sentence six remand includes no ruling as to correctness of the administrative determination. See Melkonyan, 501 U.S. at 98, 111 S.Ct. 2157.[5]

The district court's remand powers must be exercised in light of the underlying regulatory approach to new evidence and the internal review of ALJ decisions. When new evidence is properly submitted for the Appeals Council's consideration "the Appeals Council shall ... review the case if it finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. §§ 404.970(b), 416.1470(b) (1999) (emphasis added).[6] This happened in the case at bar: the Appeals Council said they considered Dr. Russell's evaluation but nevertheless found no reason to disturb the ALJ's findings. (R. 7). Hays is erroneously advanced by the Commissioner because that opinion prevents the court from undertaking a de novo review of factual findings, but does not so limit the Appeals Council. See Hays, 907 F.2d at 1456.

A sentence six remand is wholly inapplicable because the 'new' evidence, Dr. Russell's evaluation, was "incorporated into the record in a prior proceeding" and is already in the record. 42 U.S.C. § 405(g).[7] The Appeals Council even

---

5. Sentence six, in a separate clause, authorizes the Commissioner to move for a remand to the Commissioner before the Commissioner files an answer. See 42 U.S.C. § 405(g). In the case at bar, the Commissioner's objections to the Report and Recommendation include a request to remand the case to the ALJ for consideration of Dr. Russell's additional evidence. This request is not properly submitted, however, because the Commissioner requested the remand after filing its answer. The Commissioner's argument for remand, moreover, contradicts their answer wherein they ask the Court to deny Riley's request for remand. The Commissioner's flipflop seems more to do with the unfavorable Report and Recommendation and less to do with the substantive merits of a remand.

6. When no new evidence is submitted to the Appeals Council, the regulations instruct the Appeals Council to review the ALJ's decision according to a slightly different standard:

(1) There appears to be an abuse of discretion by the administrative law judge;

(2) There is an error of law;

(3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or

(4) There is a broad policy or procedural issue that may affect the general public interest.

20 C.F.R. §§ 404.970(a), 416.1470(a) (1999) (emphasis added).

7. Sentence six also requires a good cause showing as to why the new evidence was not incorporated into the record of the prior pro-

notes that they considered this evaluation when denying Riley's request for a review of the ALJ decision.[8] The remaining authority for this Court to remand the case to the Commissioner resides with sentence four. Upon review of the various cases involving factually similar circumstances, the Court holds that such a remand is proper.

### b. *Caselaw addressing New Evidence before the Appeals Council*

A reviewing district court renders conclusive the Commissioner's findings of fact if those findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g).[9] The Fourth Circuit's treatment of evidence submitted to the Appeals Council—but not to the ALJ—is drawn into question by other circuits as well as this Western District of Virginia. It seems that a Fourth Circuit district court reviews all evidence in the record, even if it was not before the ALJ, to determine if substantial evidence supports the Commissioner's decision. This issue has generated a circuit split. *See Cline v. Secretary*, 875 F.Supp. 435, 439, n. 5 (N.D.Ohio 1995). Whether the Appeals Council must explain why new evidence presented to them does not render the ALJ's findings "contrary to the weight of the evidence," 20 C.F.R. §§ 404.970(b), 416.1470(b), remains uncertain.

ceeding. 42 U.S.C. § 405(g). Riley provides *no* reason, much less good cause, for failing to incorporate Dr. Russell's evidence into the ALJ proceeding. Indeed, the ALJ asked Riley's counsel at the onset of the September 9, 1997 hearing: "Do you have any additional written evidence you wish to file with us, sir?." (R. 218). Riley's counsel replied "no." (R. 218). As earlier noted, *supra* n. 1, Riley was represented by counsel early enough in her quest for the benefits to have obtained a report, such as Dr. Russell's, well in advance of the ALJ decision.

8. When one presents new evidence to the Appeals Council they need not show "good cause" for failing to present this evidence to the ALJ. *See* 20 C.F.R. §§ 404.970, 416.1470; *Ridings v. Apfel*, 76 F.Supp.2d 707, 709 (W.D.Va.1999).

### A. Entire Record Reviewed

In 1991, the *Wilkins* court, sitting *en banc*, says that evidence before the Appeals Council is part of the record and is incorporated into the court's review: "Because the Appeals Council denied review, the decision of the ALJ became the final decision of the Secretary ... we must review the record as a whole, *including the new evidence*, in order to determine whether substantial evidence supports the Secretary's findings." *Wilkins v. Secretary of Dept. of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir.1991) (*en banc*) (emphasis added). A *Wilkins* footnote adds that "[t]he panel addressed whether the district court erred in not remanding [the claimant's] claim to the ALJ for reconsideration in light of [the new evidence]. Because this evidence had already been made a part of the record, a remand for this purpose *was unnecessary*. 42 U.S.C.A. § 405(g)." *Id.* at 96 n. 4 (emphasis added).

The Fourth Circuit's consideration of new evidence submitted to the Appeals Council in their judicial review of the Commissioner's decision is less clear in *Smith. Smith v. Chater*, 99 F.3d 635 (4th Cir. 1996). *Smith* upholds the ALJ's decision based on the substantial evidence in the record and notes that it is the ALJ's "duty to resolve conflicts in the evidence," not the reviewing court. *Id.* at 637–38 (cita-

9. The Fourth Circuit defines "supported by substantial evidence" as

evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence. It is the duty of the ALJ evaluating the case, not the federal courts, to make findings of fact and to resolve all evidentiary conflicts.

*Kasey v. Sullivan*, 3 F.3d 75 (4th Cir.1993), citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir.1990) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966) (quotations omitted)).

tion omitted).[10] *Smith* discusses the evidence solely submitted to the Appeals Council (but not to the ALJ) in the same paragraph as their decision upholding the ALJ, indicating that the new evidence was part of the reviewed record. *Id.* at 638. Because *Smith* does not suggest otherwise, it seems that the Appeals Council did not provide an explanation as to the weight they gave the evidence submitted solely to them when they declined review of the ALJ's decision.[11]

### B. Cases Regarding the Agency's Treatment of New Evidence

The Western District of Virginia itself struggles with *Wilkins*. In *Alexander*, Magistrate Judge Conrad faced a similar setting: the ALJ ruled against the applicant, the applicant asked the Appeals Council to review the case and submitted new evidence along with that request, and the Appeals Council declined the request for review and adopted the ALJ's decision, even after considering the newly submitted evidence. *See Alexander v. Apfel,* 14 F.Supp.2d 839, 841 (W.D.Va.1998). *Alexander* holds "that the Commissioner erred in failing to give reasons for" finding against the applicant, "despite the new evidence which was presented to the Appeals Council...." *Id.* at 841. When the "Appeals Council ostensibly considers the

new, 'interim' evidence in denying review of a claim, it is incumbent on the Appeals Council to give some reason for finding the 'interim' evidence does not justify further administrative action." *Id.* at 843–44 (citing *Stawls v. Califano,* 596 F.2d 1209, 1213 (4th Cir.1979) ("the Secretary must indicate explicitly that all relevant evidence has been weighed and its weight.") (citations omitted); *DeLoatche v. Heckler,* 715 F.2d 148, 150 (4th Cir.1983) ("[j]udicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator."). *Alexander* cites "sentence four" as its authority to remand the case.

*Alexander* attempts to distinguish *Wilkins:*

> In *Wilkins,* the Appeals Council had considered the 'interim' evidence, but denied further review without setting forth specific findings as to the weight accorded the new evidence. Upon its own consideration of the 'interim' evidence, the Fourth Circuit found that the record clearly supported Wilkins' application for benefits. Accordingly, the Fourth Circuit reversed the Commissioner without requiring additional administrative proceedings. The court does not believe that the decision in *Wilkins* speaks to the situation in which

---

**10.** *Smith,* says that when evidence is presented to the district court that was not presented to the ALJ or the Appeals Council the district court did not have to consider that evidence nor remand on the basis of that evidence:

> in determining whether the ALJ's decision is not supported by substantial evidence, a district court cannot consider evidence which was not presented to the ALJ. *See United States v. Carlo Bianchi & Co.,* 373 U.S. 709, 714–15, 83 S.Ct. 1409, 10 L.Ed.2d 652 (1963). Second, the additional evidence was not new or material, and therefore, did not warrant remand here. See 42 U.S.C.A. § 405(g).

*Smith,* 99 F.3d at 638 n. 5.

> This is not necessarily true, of course, for evidence presented to the Appeals Council prior to their decision to decline review. *See Wilkins,* 953 F.2d at 96.

**11.** The Seventh Circuit holds that new evidence submitted to the Appeals Council is *not* considered by the reviewing court when the

Appeals Council refuses to review an ALJ's decision. *See Eads v. Secretary of Dept. of Health & Human Servs.,* 983 F.2d 815, 817–18 (7th Cir.1993) (Posner, J.). *Eads* says that *Wilkins'* approach was adopted "without extended discussion" and that *Eads* might persuade the Fourth Circuit "to reconsider a position that we respectfully suggest is inconsistent with the fundamental tenets of appellate review." *Id.* New evidence "may furnish a reason why justice requires that the trier of fact reexamine his decision in light of it." *Id.* at 817. The Sixth Circuit also disagrees with *Wilkins. See Cline v. Secretary,* 875 F.Supp. 435, 439 (N.D.Ohio 1995) (citations omitted). *Cline* adds that if evidence newly submitted to the Appeals Council is material, it "may supply the basis for remand under sentence six of § 405(g), provided good cause is shown for plaintiff's failure to incorporate the evidence into the record before the ALJ." *Id.* at 439.

the 'interim' evidence merely serves to create a conflict with other evidence already of record. In that circumstance, the court believes that it is still necessary for the Commissioner to indicate his reasons in support of the resolution of the factual conflicts, so that the court may undertake a meaningful substantial evidence review. The court finds 'good cause' for remand of the instant case for this purpose.

*Alexander*, 14 F.Supp.2d at 844.[12]

The *Ridings* decision by Judge Jones acknowledges its disagreement with *Alexander. See Ridings v. Apfel*, 76 F.Supp.2d 707, 709 n. 6 (W.D.Va.1999). Again, new evidence was submitted to the Appeal Council who simply denied a request to review the ALJ decision, even in light of the new evidence. *Id.* at 708. *Ridings* says that the district court must consider the newly submitted evidence to determine if substantial evidence supports the ALJ's decision, citing *Wilkins*, and that the Appeals Council is not required to provide a detailed assessment of its reason for denying review in light of the new evidence. *Id.* at 709. *Ridings*, borrowing from the Seventh Circuit's *Eads* decision, says that *Wilkins*' mandates are contrary to normal principals of appellate review but, nevertheless, binds this circuit. *Id. Ridings* reversed and remanded to the agency pursuant to "sentence four" because the record, including the evidence submitted to the Appeals Council, did not provide substantial evidence to support the ALJ's decision.

*Smith*, of course, manages to consider evidence in the record that is not addressed in any detail by the agency while, at the same time, correctly noting that a reviewing court does not resolve conflicts in the evidence. *See supra.* How this is accomplished is difficult to discern from *Smith*.

c. *The Agency Must Explain its Treatment of Dr. Russell's Evidence*

■ A reviewing court upholds the Commissioner's findings of fact if they are supported by substantial evidence in the record, *see* 42 U.S.C. § 405(g); *supra.* The ALJ issues a written decision setting forth his factual findings and reasons underlying his decision. *See* 20 C.F.R. §§ 404.953(a), 416.1453(a). To assist the reviewing court in determining if factual findings are supported by substantial evidence, the ALJ must "explicitly indicate the weight given to all the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir.1984). If this has not been done, the reviewing court should hesitate to determine that his decision is supported by substantial evidence. *See Stewart v. Apfel*, 182 F.3d 909, 1999 WL 485862 (4th Cir.1999) (unpublished decision) (citing *Gordon v. Schweiker*, 725 F.2d 231, 236 (4th Cir.1984)); *Alexander*, 14 F.Supp.2d at 843–44 (citing cases). If no 'new' evidence is presented after the ALJ's hearing and decision the reviewing court's review of the ALJ's factual findings is relatively straightforward regardless of the action taken by the Appeals Council.

If 'new' evidence is presented to the Appeals Council after the ALJ decision, as in the case at bar, the situation poses a problem because the court considers this evidence during its review. *See Wilkins; supra.* When the Appeals Council denied review over the ALJ's decision the court looks to the findings of the ALJ. The trouble arises, of course, because the ALJ has never had the benefit of considering Dr. Russell's evidence. When this court is left in the dark as to how the Appeals

---

12. It seems that *Alexander* confuses the standards for sentence four and sentence six remands. *Alexander* says, having found good cause, that it remands under sentence four. There is a 'good cause' requirement for a sentence six remand, but not for a sentence four remand. It also seems that *Alexander*

does not technical join its remand with an affirmance, modification, or reversal of the Commissioner's decision as is required for a sentence four remand. *See* 42 U.S.C. § 405(g); *Melkonyan*, 501 U.S. at 99–100, 111 S.Ct. 2157.

Council treated the new evidence a meaningful judicial review is impossible. The court is left with no findings from the agency, be they from the ALJ or the Appeals Council, regarding that new evidence. The record from the administrative agency should offer a reviewing court insight stemming from the agency's expertise. Evidence—particularly conflicting evidence like Dr. Russell's—presented to a court by the agency requires some explanation. Thus, for this court to perform its function it is appropriate to remand this case to the Commissioner for findings as to the weight to be attributed to the new evidence and any factual conflicts it may create.

When the Appeals Council declines to review an ALJ's decision they do so because the ALJ's action, findings, or conclusion are not "contrary to the weight of the evidence currently of record." 20 C.F.R. §§ 404.970(b), 416.1470(b). The only comment the Appeals Council provides regarding Dr. Russell's new evidence, however, is a one-sentence statement that this "additional evidence [does not] provide[ ] a basis for changing the Administrative Law Judge's decision." (R. 4). I agree with Judge Jones, *see Ridings supra,* that the regulations do not explicitly require the Appeals Council to provide written findings with respect to any new evidence and its impact in light of the overall record and that this facilitates orderly decision-making within the agency. *Contra Alexander, supra* (Magistrate Judge Conrad remanded to the Appeals Council for written findings regarding new evidence). I must not ignore, however, the policy reasons for deferring fact finding to an administrative agency and then subjecting that fact finding to deferential review by the courts. For this court to conduct a meaningful review the administrative agency must do more than offer scant discussion of evidence that even it deemed worthy of consideration when rendering its decision.[13]

The Magistrate Judge in the instant Report and Recommendation said that the Appeals Council's review amounted "to ignoring the evidence" and that "the Appeals Council fell far short of adjudicating the case according to the standards fixed by the regulations," citing 20 C.F.R. §§ 404.1512(d)-(f), 416.912(d)-(f). While that may not be a true account, the agency leaves itself open to criticism when no explanation regarding material evidence within the record is provided. This is so here because Dr. Russell's evaluation, upon cursory review, seems to conflict with the only other testimony regarding Riley's disability before the ALJ.[14]

*Wilkins* does not preclude a reversal and remand for this purpose. The relevant language in *Wilkins,* found in a footnote, says that "[t]he panel addressed whether the district court erred in not remanding [the claimant's] claim to the ALJ for reconsideration in light of [the new evidence]. Because this evidence had already been made a part of the record, a remand for this purpose *was unnecessary.*" *Wilkins,* 953 F.2d at 96 n. 4 (citing 42 U.S.C.A. § 405(g)) (emphasis added). To render a remand "unnecessary," of course, falls well short of rendering such a remand "unauthorized." Obviously, the *Wilkins* court determined from the record that the evidence was such that, as a matter of law, the claimant should recover.

---

13. The Appeals Council *may* remand a case to the ALJ for further hearings and findings of fact, *see* 20 C.F.R. §§ 404.977(a), 416.1477(a), even when the case is remanded to the Commission by a federal court, *see* 20 C.F.R. §§ 404.983, 416.1483. This suggests that the regulations recognize the potential situation where, as here, the record before the reviewing court is undeveloped in such a way that review of the agency decision is handicapped.

14. Because Dr. Russell only saw Riley once his testimony is not entitled to the weight afforded a treating physician. *See Wilkins,* 953 F.2d at 96. This may buttress the action of the Appeals Council, but a reviewing court should not have to glare into a crystal ball to find support for an agency's treatment of material competing testimony.

Pursuant to sentence four of § 405(g) the Commissioner's decision is REVERSED and REMANDED to the Commissioner for further development of the record consistent with this opinion.