Jacqueline E. **ALEXANDER**, Plaintiff,

v.

Kenneth F. **APFEL**, Commissioner of Social Security, Defendant.

No. Civ.A. 97–0049–L.

United States District Court, W.D. Virginia, Lynchburg Division.

July 14, 1998.

---

J. Gorman Rosenberger, Wilson, Garbee & Rosenberger, Lynchburg, VA, for Plaintiff.

Alonzo H. Long, Assistant United States Attorney, Roanoke, VA, for Defendant.

### MEMORANDUM OPINION

CONRAD, United States Magistrate Judge.

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 *et seq.* Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The case is before the undersigned United States Magistrate Judge pursuant to consent of the parties entered under the authority of 28 U.S.C. 636(c)(2). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. *See* 42 U.S.C. § 405(g).

The plaintiff, Jacqueline E. Alexander, was born on December 1, 1960, and eventually completed her high school education. The record suggests that plaintiff's actual educational performance may be much below a high school level. Plaintiff has been employed as a child care worker and restaurant waitress/cashier. She last worked on a regular basis in the 1980s. On June 14, 1994, Ms. Alexander filed application for supplemental security income benefits. Plaintiff alleged

that she became disabled for all forms of substantial gainful employment in July of 1985 due to arthritis in both knees, back problems, leg swelling, and partial removal of the right knee by surgery. Ms. Alexander now maintains that she has remained disabled to the present time.

Plaintiff's claim was denied upon initial consideration and reconsideration. She then requested and received a *de novo* hearing and review before an Administrative Law Judge. In an opinion dated August 13, 1996, the Law Judge also determined that Ms. Alexander is not disabled. The Law Judge found that plaintiff suffers from arthritis and other musculoskeletal impairments. Because of these problems, the Law Judge ruled that Ms. Alexander is no longer able to do the work roles she performed in the past. However, the Law Judge found that plaintiff retains sufficient functional capacity for less than a full range of sedentary exertion. Apparently, the Law Judge believed that plaintiff is limited to less than sedentary levels of work because of certain, unspecified, mental limitations. Given a residual functional capacity for less than a full range of sedentary exertion, and after considering plaintiff's age, education, and prior work experience as well as testimony from a vocational expert, the Law Judge determined that Ms. Alexander retains sufficient functional capacity for several specific sedentary work roles existing in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to supplemental security income benefits. *See, gen.,* 20 C.F.R § 416.920(f). Shortly after the Law Judge rendered his decision, Ms. Alexander presented additional medical evidence to the Social Security Administration's Appeals Council. However, after considering the new medical evidence, the Appeals Council denied plaintiff's request for review and adopted the Law Judge's opinion as the final decision of the Commissioner. Having exhausted all available administrative remedies, Ms. Alexander has now appealed to this court.

■ While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. *See* 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. *Vitek v. Finch,* 438 F.2d 1157, 1159–60 (4th Cir.1971); *Underwood v. Ribicoff,* 298 F.2d 850, 851 (4th Cir.1962).

■ After a review of the record in this case, the court is unable to conclude that all aspects of the Commissioner's final decision are supported by substantial evidence. The court believes that the record supports the Commissioner's findings as regard the severity of plaintiff's musculoskeletal limitations. However, the court is unable to determine that plaintiff's non-exertional limitations have been properly evaluated. The court finds that the Administrative Law Judge's questioning of the vocational expert was somewhat deficient. More importantly, the court believes that the Commissioner erred in failing to give reasons for finding that Ms. Alexander is not disabled, despite the new evidence which was presented to the Appeals Council during the period after the Law Judge rendered his opinion. The court finds "good cause" for remand of this case to the Commissioner for further development and consideration.

Stated briefly, the medical record in this case establishes that Ms. Alexander suffers from knee problems, weakness in her leg, and arthritic complaints in her lower back. Dr. William E. Frank, plaintiff's treating orthopedic specialist, has opined on several occasions that Ms. Alexander is totally disabled. However, Dr. William E. Albers, a consultative orthopedic specialist, produced findings which are suggestive of residual functional capacity for sedentary exertion. Dr. Robert Brown, Jr., a medical expert who testified at the administrative hearing, also opined that plaintiff retains sufficient functional capacity for sedentary levels of work.

Based on a recommendation from the medical advisor, the Administrative Law Judge also obtained input from a psychologist. Bede Pantaze completed a psychological assessment on May 31, 1996. The psychologist diagnosed pain disorder associated with both psychological factors and a general medical condition. The psychologist completed a medical assessment of plaintiff's mental ability for work-related activity. The psychologist's findings indicate serious limitation in plaintiff's capacity to deal with work stresses. Otherwise, Ms. Alexander was said to experience satisfactory ability to function. Shortly after the Law Judge rendered his opinion, Ms. Alexander submitted a psychological report from Dr. Daniel Owens. Based on his clinical interview and psychological testing results, Dr. Owens opined that plaintiff has been disabled since the time of a surgical procedure on June 12, 1989.

■ The court finds substantial evidence to support the Law Judge's determination that plaintiff's musculoskeletal problems are not disabling in overall impact. While there is a sharp conflict in the medical record, it must be recognized that, as a general rule, resolution of conflicts in the evidence lies within the province of the Commissioner, even if the court might resolve the conflicts differently. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Oppenheim v. Finch*, 495 F.2d 396 (4th Cir. 1974). As a treating physician, Dr. Frank's reports are entitled to substantial deference. *See* 20 C.F.R. § 416.927(d)(2). However, as pointed out by the Commissioner in his memorandum in support of a motion for summary judgment, Dr. Frank's clinical findings do not support a determination of total disability. Indeed, the court finds little or no evidence which would suggest that plaintiff's musculoskeletal problems are so severe as to prevent performance of work activities in a sitting position. Likewise, the court finds that the medical record fails to document the existence of any musculoskeletal impairment which could reasonably be expected to produce such pain as would prevent performance of sedentary levels of exertion. *See Foster v. Heckler*, 780 F.2d 1125, 1128 (4th Cir.1986); *Hyatt v. Sullivan*, 899 F.2d 329, 334 (4th Cir.1990). The court concludes that

there is substantial evidence to support the Commissioner's resolution of the conflicts in the evidence relating to the severity of plaintiff's musculoskeletal impairments.

■ The court is unable to conclude, however, that the Law Judge properly considered plaintiff's psychological impairments. After receiving the psychological study from Bede Pantaze, the Law Judge submitted all of the medical evidence and a set of hypothetical questions to a vocational expert. The Law Judge did not attempt to formulate a hypothetical question which included any restrictions arising as a result of psychological limitations. For example, the Law Judge did not explicitly ask the vocational expert to consider plaintiff's serious limitation in terms of her ability to tolerate work stresses, as had been found by the psychologist. The Law Judge denied plaintiff's attorney the opportunity to submit additional interrogatories to the vocational expert. (Tr 341).

The court finds that the Law Judge did not pose proper hypothetical questions to the vocational expert. In *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir.1989), the United States Court of Appeals for the Fourth Circuit commented on the use of vocational experts as follows:

The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform. In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments. (citations omitted).

In the instant case, the Administrative Law Judge clearly relied upon the testimony of the vocational expert in finding that Ms. Alexander retains sufficient functional capacity for several specific sedentary work roles. However, the Law Judge included none of plaintiff's psychological limitations in his hypothetical questions to the vocational expert. It was simply not appropriate for the Law Judge to provide a copy of the psychological report to the vocational expert. The

purpose of formulating hypothetical questions is to insure that the vocational expert will consider all the limitations which are found to exist by the Law Judge. The error was compounded by the Law Judge's refusal to allow plaintiff's attorney to propound alternate hypotheticals. The court finds "good cause" for remand of this case to the Commissioner for formulation and consideration of proper hypothetical questions and responses.

■ The court also concludes that the Commissioner failed to offer any reasons for finding that Ms. Alexander is not disabled, despite the psychological impressions and opinions offered in the report of Dr. Daniel Owens. As previously noted, Dr. Owens submitted a report shortly after the Administrative Law Judge produced an opinion. In adopting the Law Judge's opinion as the final decision of the Commissioner, the Appeals Council commented on the new medical report as follows:

> The Appeals Council has also considered the additional evidence from Piedmont Psychiatric Center dated July 17, 1996, but concluded that this additional evidence does not provide a basis for changing the Administrative Law Judge's decision. (TR 5).

Plaintiff now argues that the Commissioner should be required to give reasons for his treatment of Dr. Owens' report.

Citing *Wilkins v. Secretary*, 953 F.2d 93 (4th Cir.1991), the Commissioner contends that the Appeals Council was not required to explain its reasons for finding that Dr. Owens' report would not have reasonably changed the Law Judge's decision. In his memorandum, the Commissioner goes on to state that "the Fourth Circuit has never required the Appeals Council to explain its

reasoning for denying [a claimant's] request for review."

■ The court concludes that if the Appeals Council ostensibly considers the new, "interim" evidence in denying review of a claim, it is incumbent on the Appeals Council to give some reason for finding that the "interim" evidence does not justify further administrative action. In *Stawls v. Califano*, 596 F.2d 1209 (4th Cir.1979), a case with a somewhat similar procedural background as the instant case,[1] the Court ruled as follows:

> The Secretary stated that he considered all of the evidence in the record, including the post–June 30, 1962 evidence. Even assuming that schizophrenia is progressive in nature, proof that appellant was disabled due to schizophrenia after June 30, 1962 is probative of the fact that she may have been disabled due to schizophrenia before June 30, 1962, although it is not conclusive. But neither the opinion of the administrative law judge nor that of the Appeals Council indicates the weight afforded the post–June 30, 1962 evidence. As we have stated on more than one occasion, *the Secretary must indicate explicitly that all relevant evidence has been weighed and its weight.* (emphasis added) (citations omitted).

596 F.2d at 1213.

■ In the instant case, it is obvious that the Appeals Council considered Dr. Owens' report in determining whether plaintiff was disabled at a time prior to the date of the Administrative Law Judge's opinion.[2] The court is now expected to undertake to determine whether there is substantial evidence to support the conclusion that Dr. Owens' report does not establish disability. As noted by the Fourth Circuit in *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir.1983), "[j]udi-

---

1. In *Stawls*, the claimant tendered to the Appeals Council letters from several psychiatrists who had previously submitted reports in the case. The letters dealt with the onset of plaintiff's psychiatric disability. Unlike the present case, the Appeals Council in *Stawls* granted the request for review. The Appeals Council stated "after considering this additional evidence, the Council is of the opinion that it does not show that you were under a 'disability' which began on or before the date you were last insured and which

existed continuously to a time within the effective life of your application." 596 F.2d at 1212.

2. The Appeals Council specifically stated that it had considered the "interim" evidence. (TR 5). Moreover, inasmuch as the Appeals Council did not return the new evidence to the claimant, the Council must have considered the "interim" evidence to be relevant to the issue of plaintiff's disability prior to the date of the Law Judge's decision. See 20 C.F.R. § 416.1476(b).

cial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." The record in this case includes absolutely no explanation as to why the Commissioner believes that Ms. Alexander is not disabled, despite the medical findings and opinions of Dr. Owens.

The court does not believe that the Fourth Circuit's decision in *Wilkins v. Secretary, supra,* supports the Commissioner's position. In *Wilkins,* the Court held that the Commissioner must consider "interim" evidence presented to the Appeals Council, if that evidence relates to the issue of disability during the period of time adjudicated by the Law Judge. In *Wilkins,* the Appeals Council had considered the "interim" evidence, but denied further review without setting forth specific findings as to the weight accorded the new evidence. Upon its own consideration of the "interim" evidence, the Fourth Circuit found that the record clearly supported Wilkins' application for benefits. Accordingly, the Fourth Circuit reversed the Commissioner without requiring additional administrative proceedings.[3] The court does not believe that the decision in *Wilkins* speaks to the situation in which the "interim" evidence merely serves to create a conflict with other evidence already of record. In that circumstance, the court believes that it is still necessary for the Commissioner to indicate his reasons in support of the resolution of the factual conflicts, so that the court may undertake a meaningful substantial evidence review. The court finds "good cause" for remand of the instant case for this purpose.

Given the court's disposition in this matter, the court finds it unnecessary to consider plaintiff's alternate motion for remand for consideration of new evidence. Upon remand, plaintiff may submit any new, relevant evidence which has become available to the Commissioner for consideration, along with all the other evidence of record.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further consideration. An appropriate order will be entered this day. Upon remand, both sides will be allowed to present additional evidence and argument.

The Clerk is directed to send certified copies of this Opinion to all counsel of record.

---

**3.** This court has adopted the same approach in numerous social security appeals when it is clear upon review of "interim" evidence that the Commissioner's underlying decision is, or is not, supported by substantial evidence. However, the court is of the opinion that this sort of analysis is not appropriate when the "interim" evidence is not conclusive and merely serves to create further conflict in the administrative record.