**Rose M. HARMON, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

**C/A No. 0:99:0967–18BD.**

United States District Court, D. South Carolina, Charleston Division.

July 5, 2000.

George Howard Thomason, Spartanburg, SC, for plaintiff.

John Berkley Grimball, Assistant U.S. Attorney, Columbia, SC, for defendant.

## ORDER

NORTON, District Judge.

This matter is before the court upon the Magistrate Judge's recommendation that this court remand the case to the Commissioner. This record includes a report and recommendation of the Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B).

### I. PROCEDURAL BACKGROUND

On March 14, 1996, Plaintiff applied for disability insurance benefits, alleging an onset disability date of October 23, 1992. This claim was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on March 27, 1997. The ALJ denied Plaintiff's claim in a decision issued on September 26, 1997. The Appeals Council then denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner.

Seeking judicial review of the Commissioner's decision, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g). After reviewing the record, the Magistrate Judge recommended that this case be remanded for the Commissioner to indicate explicitly why the new, additional evidence submitted to the Appeals Council did not suffice as a basis for changing the ALJ's decision. By timely written objection to the Magistrate Judge's report and recommendation, the Commissioner asked this court not to adopt the report and recommendation and to affirm the Commissioner's decision denying Plaintiff benefits. Plaintiff did not address the Commissioner's objections, filing only a two-sentence letter signifying her agreement with the report and recommendation.

### II. SCOPE OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific, written objection is made. *See* 28 U.S.C. § 636(b)(1) (1994). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). This court is not required to review, under a *de novo* standard, or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. *See id.* at 149–50, 106 S.Ct. 466. A party's general objections are not sufficient to challenge a magistrate judge's findings. *See Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir.1991). The recommendation of the magistrate judge carries no

presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber,* 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This court may accept, reject, or modify the report and recommendation of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. *See* 28 U.S.C. § 636(b)(1) (1994).

 Although this court may review parts of the magistrate judge's report *de novo,* judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" has been defined as

> 'evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.''

*Id.* (*quoting Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir.1966)). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." *Id.* Instead, when substantial evidence supports the Commissioner's decision, this court must affirm that decision even if it disagrees with the Commissioner. *See Blalock v. Richardson,* 483 F.2d 773,

775 (4th Cir.1972). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Id.*

## III. COMMISSIONER'S OBJECTIONS

Commissioner objected to the Magistrate Judge's recommendation that the case be remanded for the Commissioner to indicate explicitly why the new, additional evidence does not suffice as a basis for changing the ALJ's decision to deny benefits. Relying on an interpretation of published Fourth Circuit precedent, a previous Order of this court,[1] and the opinion of another district court within this Circuit, the Magistrate Judge concluded that the Fourth Circuit would require the Appeals Council to articulate its own assessment of the additional evidence. Specifically, the Magistrate Judge concluded that the Appeals Council's bald assertion that the new, additional evidence did not alter the ALJ's decision failed to satisfy the requirement that the Commissioner "indicate explicitly that all relevant evidence has been weighed and its weight." *Stawls v. Califano,* 596 F.2d 1209, 1213 (4th Cir.1979). Accordingly, the Magistrate Judge recommended remanding the case to the Commissioner.

In deciding this case, the court must attempt to steer its analytical ship between the twin perils of Scylla and Charybdis.[2] The court is caught between trying to provide meaningful judicial review of evidence not considered by the fact finder, while avoiding actually performing the task of weighing and resolving conflicts in the evidence, which is, of course, the function of the ALJ. Specifically, in this mod-

---

1. *See Barden v. Apfel,* No. 5:98–2637–18BD, slip op. (D.S.C. Oct. 4, 1999).

2. In Homer's Odyssey, Odysseus and his men had to wage battle against monsters such as Scylla and Charybdis and overcome other apparently insurmountable obstacles during the course of their voyage. Scylla was a multiheaded female monster, personifying a dangerous rock on the Italian side of the Straits

of Messina. Charybdis was a creature whose daily consumption of the sea created the whirlpool off the Northeastern coast of Sicily, in the Straits of Messina. Because these creatures lived on opposite shores of a narrow strait, it was supposedly impossible to navigate away from one peril without falling prey to the other.

ern-day version of the classic Greek tale, Scylla represents any violation of the Fourth Circuit's rule that when evidence not considered by the ALJ is submitted to the Appeals Council and is incorporated into the record, the reviewing court must also consider this evidence in determining whether the Commissioner's decision is supported by substantial evidence. *See Wilkins v. Secretary, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991). By attempting to adhere to such a rule when the Appeals Council fails to articulate the reasons why the new, additional evidence does not suffice as a basis for changing the ALJ's decision, this court is drawn perilously close to Charybdis, which represents any violation of the Fourth Circuit's rule that the Commissioner must indicate explicitly the weight of all relevant evidence because it is not within the province of a reviewing court to determine the weight of the evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir.1990); *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir.1979).

This court has previously steered a course through the treacherously narrow strait by finding that a remand is appropriate when the Appeals Council fails to articulate any reason why, in light of the new evidence, it denied review, thereby making the determination of the ALJ the final decision of the Commissioner. *See Barden v. Apfel*, No. 5:98–2637–18BD, slip op. (D.S.C. Oct. 4, 1999); *Sumpter v. Apfel*, No. 5:97–2806–18JI, slip op. (D.S.C.

Sept. 28, 1999).[3] Just before this court decided *Sumpter* and *Barden*, a Fourth Circuit panel decided this particular issue to the contrary. *See Hollar v. Commissioner of Soc. Security*, No. 98–2748, 1999 WL 753999, at *1 (4th Cir. Sept.23, 1999) (unpublished opinion).[4] In *Hollar*, the plaintiff "complained that the Appeals Council failed to consider and make explicit findings concerning the evidence submitted in support of her claim after the ALJ's decision." *Id.* The Fourth Circuit stated that

> [t]he Appeals Council in its decision did not engage in extensive analysis of the additional evidence but simply identified the evidence, stated that it had considered the evidence, and concluded that the evidence did 'not provide a basis for changing the Administrative Law Judge's decision.' At least one court of appeals has specifically rejected the claim that the Appeals Council must 'articulate its own assessment of the additional evidence.' We agree with this conclusion and further note that the regulation addressing additional evidence does not direct that the Appeals Council announce detailed reasons for finding that the evidence did not warrant a change in the ALJ's decision.

*Id.* (citations omitted).

▮▮▮ Because this court is not convinced by the *Hollar* panel's perfunctory analysis, the court declines to follow the unpublished opinion[5] and continues to ad-

---

**3.** Some other circuits have completely avoided this problem. For example, the Seventh Circuit holds that new evidence submitted to the Appeals Council is not considered by the reviewing court when the Appeals Council refuses to review an ALJ's decision, thereby avoiding the need to usurp the Commissioner's function of attributing weight to relevant evidence. *See, e.g., Eads v. Secretary of Dep't of Health & Human Servs.*, 983 F.2d 815, 818 (7th Cir.1993) (holding that new evidence submitted to the Appeals Council is not considered by the reviewing court when the Appeals Council refuses to review an ALJ's decision and noting that perhaps its opinion "will persuade [the Fourth Circuit and other circuits] to reconsider a position that we re-

spectfully suggest is inconsistent with the fundamental tenets of appellate review"). However, this court must analyze the issue within the confines of the Fourth Circuit's binding precedent.

**4.** The court notes that it was unaware of this unpublished opinion when it issued its previous two Orders within days after the Fourth Circuit decision was filed.

**5.** By definition, an unpublished opinion is not binding precedent. *See* U.S.Ct. of App. 4th Cir. Rule 36(c) ("Citation of this Court's unpublished dispositions in briefs and oral arguments in this Court and in the district courts

here to the analysis outlined in its two previous Orders. In *Barden* and *Sumpter,* this court relied on published decisions of the Fourth Circuit in determining that the Appeals Council must articulate its reasons for rejecting new, additional evidence, so that a reviewing court may understand the weight the Commissioner attributed to the new evidence. In Social Security cases, a district court's function "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir.1990). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler,* 715 F.2d 148, 150 (4th Cir.1983). "A bald conclusion, unsupported by reasoning or evidence, is generally of no use to a reviewing court." *Jordan v. Califano,* 582 F.2d 1333, 1335 (4th Cir. 1978).[6] Instead, the Commissioner [7] "must indicate explicitly that all relevant evidence has been weighed and its weight." *Stawls v. Califano,* 596 F.2d 1209, 1213 (4th Cir.1979). The "Appeals Council's failure to make specific findings concerning [new evidence submitted to it is] reversible error. Unless the [Commissioner] explicitly indicates the weight given to all

the relevant evidence, [a district court] cannot determine on review whether the findings are supported by substantial evidence." *Myers v. Califano,* 611 F.2d 980, 983 (4th Cir.1980).[8] Therefore, the Commissioner "must present [the reviewing court] with findings and determinations sufficiently articulated to permit meaningful judicial review." *DeLoatche v. Heckler,* 715 F.2d 148, 150 (4th Cir.1983). The Commissioner failed to do so in this case. This court is not a soothsayer and cannot base its conclusion on surmise and conjecture as to the reasons the Commissioner disregarded the new, additional evidence presented to it. "Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Arnold v. Secretary of Health, Educ. & Welfare,* 567 F.2d 258, 259 (4th Cir.1977).

At least two other district courts within the Fourth Circuit agree with this court's analysis. *See Riley v. Apfel,* 88 F.Supp.2d 572, 579–80 (W.D.Va.2000); *Alexander v. Apfel,* 14 F.Supp.2d 839 (W.D.Va.1998).

---

within this Circuit is disfavored ....""). Apparently, the Commissioner is unaware of Rule 36(c) because he quotes liberally from the *Hollar* opinion. (*See* Def. Objections at 4)

**6.** Although *Jordan* involved a claim for black lung benefits rather than disability insurance benefits, the administrative process and the reviewing court's "substantial evidence" standard of review are sufficiently similar for the law to be instructive in this case. In *Jordan,* a coal miner sought black lung benefits. *See Jordan,* 582 F.2d at 1334–35. He was denied relief by the ALJ. *See id.* at 1335. The miner then sought relief from the administrative appeals council. *See id.* Although the appeals council received additional evidence that had not been submitted to the ALJ, the council summarily affirmed the denial of benefits by stating only that the additional evidence had been considered. *See id.* After an appeal to the district court was unsuccessful, the Fourth Circuit noted that "[w]e think the

opinion of the appeals council, stating as it did only that the additional evidence had been considered, was plainly deficient." *Id.*

**7.** The Appeals Council is the Commissioner just as much as the ALJ is the Commissioner. *See* 20 C.F.R. § 404.2(b)(1)-(3) (2000) (defining the terms "Commissioner," "Appeals Council," and "Administrative Law Judge"); 20 C.F.R. § 404.983 (2000) (outlining the procedure when a federal court remands a case to the Commissioner).

**8.** The court notes that although the Appeals Council in *Myers* adopted the ALJ's order as the Commissioner's "final decision," rather than simply denying review and thus making the ALJ's order the final decision of the Commissioner in that way, this court cannot see any reason why this distinction should make any difference to the applicability of the rule in *Myers.*

In *Riley,* the Western District of Virginia analyzed the problem as follows:

> If 'new' evidence is presented to the Appeals Council after the ALJ decision, as in the case at bar, the situation poses a problem because the court considers this evidence during its review. When the Appeals Council denied review over the ALJ's decision the court looks to the findings of the ALJ. The trouble arises, of course, because the ALJ has never had the benefit of considering [the new] evidence. When this court is left in the dark as to how the Appeals Council treated the new evidence a meaningful judicial review is impossible. The court is left with no findings from the agency, be they from the ALJ or the Appeals Council, regarding that new evidence. The record from the administrative agency should offer a reviewing court insight stemming from the agency's expertise. Evidence ... presented to a court by the agency requires some explanation. Thus, for this court to perform its function it is appropriate to remand this case to the Commissioner for findings as to the weight attributed to the new evidence and any factual conflicts it may create.

*Riley,* 88 F.Supp.2d at 579–80. *But see Ridings v. Apfel,* 76 F.Supp.2d 707, 709 (W.D.Va.1999) (following the unpublished opinion of the Fourth Circuit without analysis). Similarly, in *Alexander,* another district judge in the Western District of Virginia reached the same conclusion as this court under similar factual circumstances. In *Alexander,* after the ALJ had issued a decision denying benefits in that case, a treating psychologist furnished a report that was forwarded to the Appeals Council in which the doctor stated that the claimant was disabled. See id. at 842–43. The Appeals Council in this case and in *Alexander* indicated that it had considered the new, additional evidence, but it had "concluded that this additional evidence

does not provide a basis for changing the Administrative Law Judge's decision." *Id.* at 843. Therefore, like the Appeals Council in this case, the Appeals Council in *Alexander* "failed to offer any reasons for finding that [the claimant] is not disabled," despite the new, additional evidence. *Id.* The Western District of Virginia concluded that "if the Appeals Council ostensibly considers the new, 'interim' evidence in denying review of a claim, it is incumbent on the Appeals Council to give some reason for finding that the 'interim' evidence does not justify further administrative action." *Id.*

In summary, although the Appeals Council's decision whether to grant or deny review of an ALJ's decision may be discretionary as well as unreviewable, and the regulations do not require the Appeals Council to articulate a reason for its decision not to grant review, a reviewing court cannot discharge its statutory function of determining whether the findings of the Commissioner are supported by substantial evidence when the Appeals Council considered evidence that the ALJ did not have the opportunity to weigh, and rejected that new, additional evidence without specifying a reason for rejecting it or explicitly indicating the weight given to the evidence. Consequently, this court adopts the Magistrate Judge's recommendation as modified herein and reverses the Commissioner's decision and remands the case to the Commissioner to articulate his assessment of the additional evidence presented by Plaintiff, so that this court may determine whether the Commissioner's decision is supported by substantial evidence.

It is therefore,

**ORDERED,** that the Magistrate Judge's report and recommendation is adopted as modified herein and that the Commissioner's decision is **REVERSED** and the case **REMANDED**[9] to the Com-

---

**9.** The court notes that this is a sentence four remand and not a sentence six remand. *See* 42 U.S.C. § 405(g) (Supp.1999). Although this case involves the presence of new, additional evidence, the court is not ordering that additional evidence be taken. This new, addi-

missioner for further development of the record consistent with this Order.

**AND IT IS SO ORDERED.**

tional evidence has already been incorporated into the record by the Appeals Council. Consequently, pursuant to sentence four, the court must reverse the Commissioner's decision and remand the matter so that the Commissioner can attribute weight to the new, additional evidence and provide some explanation why it does not provide a basis for changing the ALJ's decision. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991); *Riley v. Apfel*, 88 F.Supp.2d 572, 576–77 (W.D.Va.2000)