## Kenneth HAWKER

v.

## Jo Anne B. BARNHART, Commissioner of Social Security

No. CIV.01–JFM–2004.

United States District Court,
D. Maryland.

Dec. 10, 2002.

David E. Furrer, Seigel, Tully and Furrer Law Offices, Baltimore, MD, Ariana Wright Arnold, Office of the United States Attorney, Baltimore, MD, for Plaintiff.

Thomas M. DiBiagio, Commissioner of Social Security, Jamie M. Bennett, Ariana Wright Arnold, Office of the United States Attorney, Baltimore, MD, for Defendant.

## *MEMORANDUM AND ORDER*

GRIMM, United States Magistrate Judge.

Pending before me is the Commissioner's motion for reconsideration pertaining to an Order that I issued remanding this case back to the Commissioner for further proceedings. (Paper No. 23). Mr. Hawker's counsel has not filed an opposition. Regardless, I have determined that my initial ruling is correct and will stand. Accordingly, the Commissioner's motion for reconsideration is denied.

Mr. Hawker filed for disability insurance benefits in 1996. His claim was denied three years later in a decision by an administrative law judge in 1999. A year and half later, in 2001, the Appeals Council "denied review," thereby making Mr. Hawker's claim ripe for judicial review. Between the time of the ALJ's 1999 decision and the Appeals Council's 2001 decision, however, Mr. Hawker submitted additional medical records to the Commissioner. It is not disputed that these records were only before the Appeals Council-not the ALJ, and thus, of course, the ALJ's decision does not reflect any consideration of them.

The records submitted consist mainly of hospital and doctor records documenting admissions, testing, and examinations occurring both before and after the ALJ made his decision. Pursuant to the Commissioner's own regulations, records created after the ALJ's decision typically need not be considered by the Appeals Council. *See* 20 C.F.R. 404.970(b) ( "[i]f new and material evidence is submitted, the Appeals Council shall consider the additional

evidence **only** where it relates to the period on or before the date of the administrative law judge's hearing decision") (emphasis added). But rather than not consider the records at all, the Appeals Council expressly stated that it did "consider" these additional records. As a result, the Appeals Council concluded that the "additional evidence provide[d][no] basis for changing the Administrative Law Judge's decision." Tr. 5. This conclusion, however, was not accompanied by any statement regarding how the additional evidence was evaluated by the Appeals Council and the weight given to these records.[1] Subsequently, Mr. Hawker sought judicial review, and I concluded that the Appeals Council committed error by not providing any explanation as to how it evaluated these records thereby preventing this Court from determining whether substantial evidence supported the Commissioner's decision. As a result, I remanded Mr. Hawker's case with the instruction that the Commissioner articulate her assessment of the additional evidence so that, should judicial review be sought again, this Court properly could engage in substantial evidence review as mandated by 42 U.S.C. § 405(g).

The Commissioner now asserts that I misapplied the principles of the *en banc*

decision of *Wilkins v. Secretary, Dept. of Health and Human Services*, 953 F.2d 93 (4th Cir.1991).[2] I disagree. Indeed, as indicated in my earlier decision, I concluded that *Wilkins* precisely did not address the issue here: whether the Appeals Council, which ostensibly "considers" additional evidence submitted by a claimant after a hearing, must provide some explanation regarding its evaluation of and weight given to it. As discussed *infra*, my decision, like those of other courts in this circuit addressing this issue, squarely fits within the holdings articulated in *Wilkins. See, e.g., Harmon v. Apfel*, 103 F.Supp.2d 869 (D.S.C.2000); *Riley v. Apfel*, 88 F.Supp.2d 572 (W.D.Va.2000); *Alexander v. Apfel*, 14 F.Supp.2d 839 (W.D.Va.1998).

In *Wilkins*, the claimant submitted a letter from a physician detailing his care of and his opinion regarding Ms. Wilkins' abilities to the Appeals Council. This letter was not viewed by the ALJ, but the Appeals Council acknowledged that it had received and considered the evidence in denying the claimant's request for review. 953 F.2d at 96.

The Fourth Circuit initially determined whether the Appeals Council acted appropriately pursuant to 20 C.F.R. § 404.970,[3]

---

1. In rejecting Mr. Hawker's request for review, the Appeals Council stated, in pertinent part, that "[t]he Appeals Council has also considered . . . the additional evidence identified on the attached Order of the Appeals Council, but concluded that . . . the additional evidence provides [no] basis for changing the Administrative Law Judge's decision." Tr. 5. The "attached Order of the Appeals Council" lists ten exhibits that the Appeals Council received and "made a part of the record." Tr. 7. (The evidence submitted consisted primarily of doctors' notes from Health South Medical Center, Dr. Kathleen Stern, Dr. Yalamanchili, and Frederick Memorial Hospital.)

2. This *Wilkins* decision reversed a three judge panel of the Fourth Circuit that had affirmed

the decision of the district court upholding the Commissioner's decision to deny benefits. *See Wilkins v. Secretary*, 925 F.2d 769 (4th Cir.1991).

3. 20 C.F.R. § 404.970 specifically states:
   **Cases the Appeals Council will review.**
   (a) The Appeals Council will review a case if—
   (1) There appears to be an abuse of discretion by the administrative law judge;
   (2) There is an error of law;
   (3) The action, findings or conclusions of the administrative law judge are not supported b substantial evidence; or
   (4) There is a broad policy or procedural issue that may affect the general public interest.

which sets forth the circumstances by which the Appeals Council will review a case. As stated earlier, § 404.970 specifically provides in subsection (b) that "if new and material evidence is submitted, the Appeals Council *shall* consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." Thus, the Fourth Circuit stated that the Appeals Council initially must make a determination that the evidence provided is new and material and does "relate to the period on or before the date of the ALJ's hearing." [4] 953 F.2d at 96. This determination, however, does not end the Appeals Council's review process. Section 404.970(b) further requires the "Appeals Council [to] evaluate the entire record including the new and material evidence submitted" (if the new evidence submitted

meets the threshold standard) and determine whether the Appeals Council will then "review the case." *Id.*

Based on the plain wording of this regulation, the Fourth Circuit determined that the submitted post-ALJ hearing evidence was "new, material, and related to the period on or before the date of the ALJ's decision." *Id.* The Fourth Circuit next held that, because the evidence was now part of the entire administrative record by virtue of its consideration by the Appeals Council, the Court would consider the additional evidence in determining whether substantial evidence supported the Commissioner's decision-although such evidence was never seen by the ALJ. *Id.*[5]

Unlike this case, where Mr. Hawker submitted numerous records that were "considered" by the Appeals Council, the

(b) If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

4. In this case, the Commissioner does not challenge the Appeals Council's decision to "consider" the evidence submitted on Mr. Hawker's behalf. For example, the Commissioner could have argued that the evidence was not material, not new, or did not relate to the period on or before the ALJ's decision. Since, the Commissioner did not make any of these arguments, I did not need to decide whether it was appropriate for the Appeals Council to "consider" the evidence in the first place.

5. The court specifically held that "[t]he Appeals Council specifically incorporated Dr. Liu's letter of June 16, 1988, into the adminis-

trative record. Thus, we must review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the Secretary's findings." 953 F.2d at 96. This approach has not been followed by other circuits. *See, e.g., Eads v. Secretary of Health & Human Servs.*, 983 F.2d 815, 817–18 (7th Cir.1993); *Wyatt v. Secretary*, 974 F.2d 680, 685 (6th Cir.1992) (*en banc*). Judge Posner, writing for the Seventh Circuit in *Eads*, said that new evidence submitted to the Appeals Council should not be considered by the court when the Appeals Council denies review. He further remarked that

[i]t might seem ... that the district judge...would be free to consider the new evidence that was before the Appeals Council in deciding whether the decision denying benefits was supported by the record as a whole. And of course this is right when the Council has accepted the case for review and made a decision on the merits....It is wrong when the Council has refused to review the case. For the decision reviewed in the courts is the decision of the administrative law judge. The correctness of that decision depends on the evidence that was before him.

*Eads*, 983 F.2d at 817.

submitted evidence in the *Wilkins* case consisted of a one page letter from a Dr. Liu indicating that he had treated Ms. Wilkins prior to her claim for disability, explaining her symptoms, and stating his opinion that she was disabled as of December 31, 1986. The Fourth Circuit, relying on this Circuit's "treating physician" rule,[6] concluded that, when considering this letter with the rest of the evidence, substantial evidence did not support the ALJ's decision to deny benefits.

Of significance with respect to Mr. Hawker's case, the Fourth Circuit's decision to incorporate the letter into the administrative record did not lead to an outright award of benefits. Instead, the Fourth Circuit remanded the case and stated:

> An ALJ may not reject a treating physician's opinion, based on medical expertise, concerning the extent of past impairment in the absence of persuasive contradictory evidence. The Secretary failed to offer expert or medical evidence that can be viewed as contradicting Dr. Liu's opinion that Wilkins was disabled prior to December 31, 1986. Because the record contained this uncontradicted evidence from Wilkins' treating physician, we conclude that the ALJ's finding that Wilkins' disability did not begin until March 28, 1987,[7] is not supported by substantial evidence. Accordingly, we reverse the Secretary's denial of DIB and remand for further proceedings.

*Id.* at 96.

In effect, this holding requires exactly what I ordered in Mr. Hawker's case-an explanation from the Commissioner as to why specific evidence was rejected. In *Wilkins*, the Appeals Council had an opinion from a doctor stating that Ms. Wilkins was disabled. The Appeals Council admitted that it had considered this opinion but proffered no reasons for why it rejected it. The Fourth Circuit, in turn, said the doctor's letter was part of the entire record before the court and therefore, if it is to be considered and rejected, then an explanation is necessary for that rejection.

In *Wilkins*, the Court, rather than play the role of fact-finder, required the Commissioner to explain why a one page letter from a treating physician was not credible evidence of disability. Here, in Mr. Hawker's case, this Court has before it a series of medical records that have been submitted and "considered" by the Appeals Council, but no explanation as to how the records were evaluated and weighed. For this Court to engage, as the Commissioner says it must, in an examination of each of the records and then to determine whether they are credible and entitled to any weight would be to engage in the very task that this Court cannot do: fact-finding. *See, e.g., DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir.1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator."); *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979)(the Commissioner has a duty to explicitly indicate the relevant weight given to all evidence); *Jordan v. Califano*, 582 F.2d 1333, 1335 (4th Cir.1978) ("A bald

---

**6.** *See, e.g., Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987) (the opinion of a claimant's treating physician must "be given great weight and may be disregarded only if there is persuasive contrary evidence"); *Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir.1983) *but see Winford v. Chater*, 917 F.Supp. 398 (E.D.Va.1996) (stating that 20 C.F.R.

§ 404.1527, although substantially similar to circuit's treating physician rule, superseded the rule).

**7.** In Ms. Wilkins' case, she was applying for DIB and the ALJ concluded that she became disabled after the expiration of her insured status.

conclusion, unsupported by reasoning or evidence, is generally of no use to a reviewing court."); *Arnold v. Secretary of H.E. W.,* 567 F.2d 258, 259 (4th Cir.1977)("Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.").

Despite the fact that numerous cases from this Circuit have addressed factual situations similar to Mr. Hawker's, the Commissioner in her motion for reconsideration does not refer, let alone discuss, any of these cases, which is troubling because these cases further demonstrate why the pending motion is without merit. Although these cases extensively were discussed in my previous opinion in this case, the language in *Harmon,* 103 F.Supp.2d 869, is particularly apt with respect to this motion for reconsideration:

> In deciding this case, the court must attempt to steer its analytical ship between the twin perils of Scylla and Charybdis. The court is caught between trying to provide meaningful judicial review of evidence not considered by the fact finder, while avoiding actually performing the task of weighing and solving conflicts in the evidence, which is, of course, the function of the ALJ. Specifically, in this modern-day version of the classic Greek fairy tale, Scylla represents any violation of the Fourth Circuit's rule that when evidence not considered by the ALJ is submitted to the Appeals Council and is incorporated into the record, the reviewing court

> must also consider this evidence in determining whether the Commissioner's decision is supported by substantial evidence. By attempting to adhere to such a rule when the Appeals Council fails to articulate the reasons why the new, additional evidence does not suffice as a basis for changing the ALJ's decision, this court is drawn perilously close to Charybdis, which represents any violation of the Fourth Circuit's rule that the Commissioner must indicate explicitly the weight of all relevant evidence because it is not within the providence of a reviewing court to determine the weight of the evidence.

*Id.* at 871–872. In steering the course before it, the court concluded that it was "not a soothsayer and [could not] base its conclusion on surmise and conjecture as to the reasons the Commissioner disregarded the new, additional evidence presented to it." *Id.* at 873. Accordingly, it found that it could not discharge its statutory function unless the Appeals Council specified its reasoning for rejecting or assigning weight to this additional evidence.

Moreover, in an unpublished 2001 decision,[8] the Fourth Circuit in a *per curiam* opinion addressed the exact issue confronted here and reached the same conclusion: if the Appeals Council says it considered evidence, it must give the reviewing court some way of adducing the weight the Appeals Council gave to such evidence. In *Thomas v. Comm'r of Soc. Security,* 2001 WL 1602103 (4th Cir.2001), Ms. Thomas provided the Appeals Council with two reports completed by a treating physician after her hearing with the administrative law judge. In addition, Ms. Thomas' lawyer provided the Appeals Council with an additional five pages of medical records on

---

8. U.S.Ct. of App. 4th Cir. Local Rule 36(b) provides that citation to unpublished decisions is disfavored. Although I recognize that this case may not constitute precedential value, I conclude, nevertheless, that its analysis is relevant to this issue before this court.

Thomas that were described as "medical reports and lab work." *Id.* Over a year later, the Appeals Council denied Ms. Thomas' request for review. As explained by the Fourth Circuit:

> Although the Appeals Council denied Thomas's request for review, it received and filed the new evidence, i.e., Dr. Lake's Disability Reports and the Anson Medical Records, into Thomas's administrative record. The Appeals Council explained, however, that it had "considered the contentions raised in your representative's [appeal] letter dated, August 5, 1998, as well as the additional evidence also identified on the attached Order of the Appeals Council, but concluded that neither the contentions nor the additional evidence provide[d] a basis for changing the Administrative Law Judge's decision.

*Id.* at *2. Because the Appeals Council specifically incorporated the additional evidence offered post-ALJ hearing, the court stated that it was "obliged to review the record as a whole, including the evidence added to the administrative record by the Appeals Council subsequent to the ALJ's decision, in determining whether substantial evidence supports the ALJ's finding." *Id.* at *3. This statement, of course, is based on the holding of *Wilkins.*

The court, however, went further and determined that the lack of discussion from the Appeals Council concerning the additional evidence was troublesome. Specifically, the court noted that there was an apparent misunderstanding about whether Dr. Lake was a treating physician and whether the Appeals Council knew that he was. Emphasizing the duty of explanation owed by the Commissioner in determining a claim for benefits, the court concluded:

> [W]e are unable to discern whether the Appeals Council, like the Magistrate Judge, failed to correctly understand that Dr. Lake was Thomas's treating physician. Indeed, its statement discounting the "additional evidence" gives no indication whether it understood Dr. Lake to be a treating physician.

> \*     \*     \*     \*·     \*     \*

> Because of the ambiguity in the record, and in light of the treating physician rule, we believe the district court should remand this case to the Commissioner for further development of the record.

*Id.* at **3–4.[9]

Requiring the Appeals Council to explain its handling of evidence is neither a novel concept nor a burdensome obligation. Indeed, there is no shortage of reported cases in which the Appeals Council provided reasoning as to why newly submitted evidence was rejected. *See, e.g., Mills v. Apfel,* 244 F.3d 1, 3 (1st Cir.2001) (Appeals Council denied review but administrative appeals judge sent separate letter discussing why additional evidence was˙ "consistent" with other evidence before the ALJ); *Riley v. Shalala,* 18 F.3d 619, 622 (8th Cir.1994) ("The Appeals Council's decision summarizes the content of each report and gives the reasons why those reports did

---

**9.** This case's holding should be compared with another unpublished Fourth Circuit case, *Hollar v. Commissioner of Soc. Sec.,* 1999 WL 753999 (4th Cir. Sept. 23, 1999), which perfunctorily dismisses the argument that an Appeals Council must articulate its own assessment of the additional evidence. But in *Jordan,* 582 F.2d at 1335, a published decision, the Fourth Circuit concluded in a black lung benefits case where a claimant submitted evidence post-hearing to the Appeals Council that "[w]e think the opinion of the Appeals Council, stating as it did only that the additional evidence had been considered, was plainly deficient." *See also Arnold v. Secretary of Health, Education & Welfare,* 567 F.2d 258, 259 (4th Cir.1977).

not affect the Appeals Council's conclusion that the administrative law judge's decision was in accord with the weight of the evidence currently in the record (including the newly submitted reports). The Appeals Council thus explained why it was denying review."); *Troy ex rel. Daniels v. Apfel,* 2002 WL 31247075 (D.Colo. Sept.30, 2002) ("In explaining its reasons for denying Mr. Daniels' request for review of the ALJ's decision, the Appeals Council discussed with great specificity other new evidence concerning the deterioration of Mr. Daniels' health after the ALJ issued his December 29, 1997 decision."); *Davis v. Sec. Of HHS,* 1995 WL 351093 (M.D.Pa. 1995) ("By letter dated June 17, 1993, the Appeals Council denied the request for review, explaining that the additional records essentially duplicate evidence previously provided."); *Burlingame v. Shalala,* 1994 WL 675680 (S.D.Tex.1994)("In a June 10, 1993 letter, the Appeals Council denied review, explained its reasons, and advised Plaintiff that she had sixty days to file a civil action.").

Moreover, the duty of explanation is prescribed in the Commissioner's own manual providing procedural guidance for processing and adjudicating claims. The "Hearings, Appeals and Litigation Law Manual" ("Hallex") [10] is a policy manual used by the Office of Hearings and Appeals staff. It "defines procedures for carrying out policy and provides guidance for processing and adjudicating claims" at the Appeals Council. HALLEX, Chapt. I–1–001. Specifically, HALLEX states that

> [w]hen evidence is new and material but does not provide a basis for granting review, the analyst must provide language for the denial notice assessing the "weight of the evidence" (20 C.F.R. 404.970 and 416.970) and explain why the evidence does not justify granting the request for review.

*Id.* at I–3–20B.

This requirement, however, appears to have been abandoned per a "memorandum" issued in January 1995 that said that, due to an increased case load, the requirement of explanation was temporarily suspended. The memorandum further stated that the temporary suspension will be assessed over the next sixty days. [11]

---

10. The entire HALLEX manual is available on the Social Security Administration's website at www.ssa.gov.

11. The July 20, 1995, memorandum states in pertinent part:

As we have expected, the many initiatives to increase productivity in hearing offices are succeeding to the point that the Docket and Files Branch is currently receiving all-time record numbers of files to be held in anticipation of a request for review. The number of requests for review awaiting action by the Appeals Council is rapidly increasing and we can expect receipts to outpace dispositions for some time to come. Although we do not have sufficient resources to reverse this trend, because of STPD details and other factors, we have decided that revising some procedures can increase our productivity without diminishing the quality of our work products.

Effective immediately, we are temporarily suspending the requirement for a detailed discussion of additional evidence and for specific responses to contentions in denial notices. Please note that this change does not in any way lessen the analyst's responsibility to consider the evidence and contentions and to make an appropriate recommendation to the Administrative Appeals Judge. It does mean that any required analysis can be included in the less formal setting of the recommendation, saving the time it would take to compose, edit and perhaps revise more formal language in the notice itself. The evidence and briefs, etc. must still be identified and/or acknowledged and we have developed the attached paragraphs, which are available as macros, for that purpose. There is no change in the processing of complaints of bias and unfair hearing which must still be acknowledged

The Seventh Circuit remarked about this in 2000 when addressing whether the Appeals Council made an error of law by not explaining the weight it gave to evidence submitted after an ALJ hearing:

According to the Commissioner's brief, a backlog in cases prompted the Social Security Administration in 1995 to suspend its policy of providing detailed explanations when denying a request for review based on new and material evidence. The Commissioner's brief provides very little detail regarding the 1995 memorandum, and the memorandum's continuing significance is unclear. On the one hand, the memorandum states that the policy of writing detailed discussions of additional evidence is "temporarily" suspended, and that the Commissioner "will be assessing the effectiveness of this change over the next sixty days." But both parties suggest that the policy is still effective up to the present.... The court lacks sufficient information to determine whether the HALLEX provision or the memorandum was guiding the commissioner's policy at the time of the Appeals Council's decision.

*Cromer v. Apfel,* 2002 WL 1544778 *3 (7th Cir.2002).

Likewise, this Court lacks information about whether the HALLEX manual's provision requiring explanation is in effect or the whether it is still "temporarily" suspended. The Commissioner's web site, www.ssa.gov, provides both the HALLEX manual and the 1995 memorandum. At the top of both of these documents on the web site, there is an indication that the manual and the 1995 memorandum were revised on July 31, 2001, but it is impossible to tell what exactly was revised and whether the "temporary" suspension—now seven years old—is still in effect.

Nevertheless, the HALLEX manual provides further support that the Appeals Council should, and can, provide explanation for its handling of additional evidence it deems to consider. Even if the temporary suspension memorandum is still in effect, it, as well as the HALLEX manual, are not binding on this court. *See Newton v. Apfel,* 209 F.3d 448, 459–60 (5th Cir. 2000) (holding that HALLEX does not carry the force of law but requiring agency to follow its procedures); *Moore v. Apfel,* 216 F.3d 864, 868 (9th Cir.2000) (HALLEX is an internal guidance tool and has no legal force and effect).

Thus, if the Appeals Council ostensibly considers evidence submitted post-ALJ hearing and that evidence is part of the administrative record, per the precedent of *Wilkins,* then a duty of explanation is necessary in order for this Court to engage in judicial review.[12]

and responded to in the Appeals Council's action documents, including denial notices. We will be assessing the effectiveness of this change over the next 60 days, both in terms of its impact on productivity and in terms of feedback from all parties to the process including NOSSCR and OGC. In the meantime, we will be implementing some additional changes which will allow analysts to concentrate on the request for review workload.

I–3–5–90. Exhibit—Memorandum dated July 20, 1995, Subject: The Request for Review Workload, from the Executive Director, Office of Appellate Operations

12. The Commissioner raises the concern that my decision will encourage attorneys to withhold evidence and then submit post-hearing to the Appeals Council and hope for a remand if the Appeals Council fails to articulate the weight it gave to such records. This concern is speculative, unsupported by an evidence. Even if valid, however, this concern is hardly a result of my opinion. Indeed, the decision in *Wilkins* creates the same potential pratfall. As Judge Chapman noted in his dissent in *Wilkins,* the "majority is encouraging attorneys to hold back evidence and then seek remand for consideration of evidence that

For the reasons stated above, the Commissioner has failed to demonstrate that any of the circumstances warranting the granting of a motion for consideration, *Potter v. Potter*, 199 F.R.D. 550 (D.Md. 2001), exist.[13] Accordingly, it is this _____day of December 2002 ORDERED that Defendant's motion for reconsideration is denied.

was available at the time of the ALJ hearing." *Wilkins*, 953 F.2d at 97.

13. A motion for reconsideration is appropriate to correct manifest errors of law or fact, to present newly discovered evidence, or where there has been an intervening change in controlling law. *Potter*, 199 F.R.D. at 552 n. 1.